UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SILVIA PATRICIA MIRANDA JUAREZ<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>JUSTICE, DRUG ENFORCEMENT<br>ADMINISTRATION,<br><br>Defendant. | Civil Action  04-01468 (HHK) |

MEMORANDUM OPINION

Before the court is defendant's motion for summary judgment [#9].  Upon consideration of the motion, the opposition thereto, and the record of the case, the court determines that the motion must be granted.

I.  BACKGROUND

Plaintiff Silvia Miranda Juarez ("Miranda") submitted a Freedom of Information Act ("FOIA") request to the United States Drug Enforcement Administration ("DEA") in September 2003 for criminal law enforcement records concerning her.  DEA's Records Management Section identified fourteen pages of responsive documents, all of which it withheld from release, citing various exemptions articulated in FOIA, including Exemptions 2, 7(A), 7(C), 7(D), and 7(F) of the Act.  *See* 5 U.S.C. § 552(b)(2), (b)(7)(A), (b)(7)(C), (b)(7)(D), (b)(7)(F).  After exhausting her administrative remedies, Miranda commenced this action against the Department

of Justice ("DOJ") in August 2004. During the ensuing litigation process, counsel for DOJ identified two additional pages of responsive documents. DOJ withheld these documents pursuant to Exemptions 2, (7)(A), (7)(C), and (7)(F).

On December 12, 2004, DOJ moved for summary judgment. Shortly thereafter, Miranda offered to cooperate with any ongoing law enforcement investigation regarding her, and briefing on the motion was stayed. After discussions regarding Miranda's cooperation (which Miranda had hoped would clear her name and facilitate her re-entry into the United States) proved fruitless to Miranda, briefing recommenced in May 2006.

## II.  DISCUSSION

Miranda's opposition to DOJ's motion for summary judgment advances one argument, which is relevant to only one of the exemptions invoked by DOJ: Exemption 7(A). This exemption protects information "compiled for law enforcement purposes" where disclosure of that information "could reasonably be expected to interfere with a pending or anticipated law enforcement proceeding." *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 337 F. Supp. 2d 146, 179 (D.D.C. 2004) (citing *Ctr. for Nat'l Sec. Studs. v. U.S. Dep't of Justice*, 331 F.3d 918, 926 (D.C. Cir. 2003) ("Exemption 7(A) does not require a presently pending 'enforcement proceeding.' Rather, . . . it is sufficient that [an ongoing investigation] is likely to lead to such proceedings.")); 5 U.S.C. § 552(b)(7)(A). Miranda asserts that there is at least a genuine issue of fact as to whether DEA's investigation of her activities is ongoing, and argues that the court cannot therefore conclude for summary judgment purposes that a law enforcement proceeding is pending or anticipated. It is true that where the government has ended an investigation without initiating an enforcement proceeding, the likelihood that such a proceeding will occur in the

future diminishes, as does the justification for withholding documents related to that investigation. The court disagrees, however, with Miranda's claim that a genuine issue of fact exists as to the status of the investigation here.

DOJ has provided repeated declaration testimony from DOJ officials asserting the existence of an active investigation of Miranda. Def.'s Mot. for Summ. J., Odegard Decl. ¶ 25; Def.'s Reply, Wassom Decl. ¶ 9; *see also Ctr. for Nat'l Sec. Studies*, 331 F.3d at 926 (courts may rely on declaration testimony from government officials regarding FOIA withholding decisions); *King v. U.S. Dep't of Justice*, 830 F.2d 210, 217 (D.C. Cir. 1987). These declarations are sufficiently specific to satisfy the court that, absent contrary evidence in the record, an investigation of Miranda is ongoing.

The court is equally satisfied that there is no contrary evidence. A party opposing a properly supported motion for summary judgment must establish a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). In this regard, "[e]vidence which [is] merely colorable or not significantly probative" is insufficient. *Bragdon v. Abbott*, 524 U.S. 624, 652–53 (1998). Miranda's arguments that a genuine issue exists here do not pass muster. Her opposition relies primarily on DOJ's failure, in correspondence with her counsel, to confirm the existence of an investigation. Certainly, governmental failure to state, in correspondence with lawyers for persons the government purports to be investigating, that an investigation is taking place may be probative of the question of the investigation's existence, depending on the context and the nature of the correspondence. Here, however, the court finds no significance in the government's silence, particularly given the fact that in the discussions to which Miranda points, she never requested, either directly or indirectly, that DOJ confirm or deny the existence

3

of the investigation. Pl.'s Opp'n Exs. B (Thompston Ltr. to Goggin, Dec. 21, 2004); D (Thompson Ltr. to Goggin, Feb. 21, 2005); F (Thompson Ltr. to Goggin, Aug. 22. 2005); G (Neuffer Ltr. to Dawe, Aug. 30, 2005); H (Neuffer Ltr. to Dawe, Oct. 11, 2005); I (Thompson Ltr. to Goggin, Mar. 17, 2006). One letter, sent two months before Miranda filed her opposition, raised in its final paragraph the possibility that no investigation was pending, but did not request clarification of the investigation's existence: it simply indicated that whatever the investigation's status was, Miranda would like either to assist with it or, if it was closed, to have her name cleared. Pl.'s Ex. I at 2. DOJ did not respond to this letter, but this fact is hardly evidence that the investigation did not exist. Indeed, DOJ's first response to this question (its reply brief and accompanying declaration) confirms the investigation's open status.

      Miranda also suggests that when she met with DEA agents in August 2005 to provide assistance with the alleged investigation, the officials who spoke with her made no reference to a pending investigation. Again, silence in this context says nothing, particularly when the DEA's interest in meeting with Miranda in the first instance tends to corroborate DOJ's claim that the investigation was active, at least as of August 2005.

      Finally, Miranda repeatedly points to DEA's lethargy in responding to her various missives and inquiries. While no doubt frustrating, this lethargy does not, either standing alone or in connection with any other evidence on the record, give rise to a material dispute over the existence of the pending investigation into Miranda's activities.

### III.  CONCLUSION

Miranda has pointed to no significantly probative evidence of a genuine dispute warranting trial.  Her claims are merely colorable, and the court therefore will grant the motion for summary judgment.  An appropriate order granting the motion and dismissing the case accompanies this memorandum opinion.

                                            Henry H. Kennedy, Jr.
                                            United States District Judge

Dated:        December 13, 2006